# EXHIBIT A

# EXHIBIT A-1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/3/2021 4:42 PM
JAMIE SMITH
DISTRICT CLERK
A-207747

CAUSE NO. _____

| | | |
|---|---|---|
| JONATHAN GANDY | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| BRADY HERPIN TRUCKING, LLC AND | § | |
| CHARLES GUILLORY, JR. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, **JONATHAN GANDY**, hereinafter referred to as Plaintiff, complaining of and about **BRADY HERPIN TRUCKING, LLC and CHARLES GUILLORY, JR.**, hereinafter referred to as Defendants, and in support hereof would show unto the Court as follows:

**1.00   PARTIES**

1.01    Plaintiff, **JONATHAN GANDY** was at all material times a resident citizen of Jefferson County, Texas.

1.02    Defendant, **BRADY HERPIN TRUCKING, LLC**, is a foreign corporation doing business in the State of Texas; said Defendant has not registered with the Texas Secretary of State and has not designated a registered agent for services of process in Texas.  Service is not requested at this time.

1.03    Defendant, **CHARLES GUILLORY, JR.**, was at all material times, resident citizen of the State of Louisiana. Service is not requested at this time.

**2.00   JURISDICTION AND VENUE**

2.01    Damages in this personal injury case, exclusive of interest and costs, exceed the minimum jurisdictional limits of this court.

2.02    Venue is proper in Jefferson County based on § 15.002 the Texas Civil Practice & Remedies Code as it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred. More specifically, the wreck occurred in Jefferson County,

Texas.

2.03     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level III as proscribed by TEXAS RULE OF CIVIL PROCEDURE 190.4. At this time, the full extent of Plaintiff's injuries is not known.  Plaintiff presently seek monetary relief in accordance with TRCP paragraph (c) (5) of R. 47; however, Plaintiff reserve the right to amend this petition, including this provision.  One or more Defendants was a resident of the State of Texas destroying diversity of citizenship – including the negligent driver - at the time of the occurrence making removal improper even though the amount in controversy greatly exceeds $75,000.00.  There is no federal question plead.

## 3.00   **STATEMENT OF FACTS**

3.01     This suit is necessary to collect a legal debt and damages due and owing your Plaintiff, **JONATHAN GANDY**, arising from an automobile wreck that occurred at the intersection of Interstate 10 Service Road and Highway 90 (College Street) in Beaumont, Jefferson County, Texas or about January 27, 2021.  At the outset, your Plaintiff has requested the preservation of the vehicle and records and documents which may lead to the discovery of admissible evidence.

3.02     This wreck was caused by the negligence and/or gross negligence of the Defendants which proximately caused the collision and Plaintiff's injuries and damages referenced hereinabove.

3.03     In addition to its own negligence, Defendant, **BRADY HERPIN TRUCKING, LLC,** is vicariously liable under the doctrine of *Respondeat Superior* for the acts and/or omissions of Defendant, **CHARLES GUILLORY, JR**.  Defendant, **BRADY HERPIN TRUCKING, LLC** was a federal motor carrier authorized by the U.S. Department of Transportation and issued a USDOT number.  As a federal motor carrier, Defendant, **BRADY HERPIN TRUCKING, LLC** was the employer of Defendant, **CHARLES GUILLORY, JR**. In

49 CFR § 390.5, the Federal Motor Carrier Safety Regulations define the term "employee" as "any individual, other than an employer, who is employed by an employer and who is in the course of his or her employment directly affects motor vehicle safety.  Such term includes a driver of a commercial motor vehicle exceeding a gross weight of 10,000 pounds (specifically including an independent contractor while in the course and scope of operating  a commercial motor vehicle), a mechanic, and a freight handler.  See *Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002).   In addition to a common law employee, Defendant, **CHARLES GUILLORY, JR.**, as well as Marcus Hargrave, were statutory employee of Defendant, **BRADY HERPIN TRUCKING, LLC.**   Defendant, **BRADY HERPIN TRUCKING, LLC** ratified the conduct of Defendant, **CHARLES GUILLORY, JR**.

3.03    On the occasion in question, Plaintiff, **JONATHAN GANDY**, was injured when the automobile he occupied was struck by the automobile owned, leased, rented, borrowed, driven, operated and/or controlled by one or more of the Defendants.

3.04    The collision was investigated and Defendant Driver issued a citation.

3.05    The investigating officer described the collision as follows, with Plaintiff being Unit No. 3 and the Defendant Driver operating Unit Nos. 1 and 2:

**Investigator's Narrative Opinion of What Happened**
**(Attach Additional Sheets if Necessary)**

```
Unit 3 was stopped at the red light in the inside (left) lane of
the 1000 block of IH-10 service road preparing to turn left.
Unit 3 proceeded when the light turned green.  Unit 1 was towing
Unit 2 and was traveling east bound in the inside (left)  lane
in the 3900 block of College St. A witness (w/f Mary Baldwin 409
-651-8416) said that Unit 1 disregarded the red light, entered
the intersection and struck Unit 3 as it was proceeding to turn
left on the green light, which was confirmed by video from a
nearby store. No injuries reported. The driver of Unit 1 was
cited.
```

3.06    The collision was caused as a result of negligence and/or gross negligence of the

Defendant, **CHARLES GUILLORY, JR**. At the time of the accident Defendant, **CHARLES GUILLORY, JR.** who was an employee or agent, actual or apparent, acting on behalf of Defendant, **BRADY HERPIN TRUCKING, LLC**.

3.07    As a proximate result of the negligence of the Defendants, Plaintiff suffered injuries referenced hereinabove.

3.08    Defendant, **BRADY HERPIN TRUCKING, LLC** ratified the conduct of Defendant, **CHARLES GUILLORY, JR**.

**4.00    <u>CLAIMS FOR RELIEF</u>**

4.01    All factual allegations set forth hereinabove and below are adopted into this count as though set forth herein word for word.

4.02    In particular, it is believed that on the occasion in question, the Defendants failed to exercise the degree of care that a reasonable and prudent person would have in at least the following particulars:

4.021   In failing to yield to Plaintiff's right of way;

4.022   In failing to stop at the red light;

4.023   In running the red light;

4.024   In driving too fast under the circumstances;

4.025   In trying to beat the light;

4.026   In failing to warn;

4.027   In failing to keep a proper lookout;

4.028   In failing to timely apply brakes;

4.029   In failing to remain aware;

4.030   In driving while distracted;

4.031   In colliding into Plaintiff;

4.023   In failing to maintain and/or adequately maintain the vehicle;

4.024   In failing to train and/or adequately train;

4.025   In failing to supervise and/or adequately supervise;

4.026   In negligently exercising their retained right of control;

4.027   In negligently hiring, qualifying and/or requalifying;

4.028   In negligently breaching duties assumed;

4.029   Such other and further acts and omissions constituting negligence as the term is understood in law, as may be shown at the trial of this case.

4.03    In addition to common law negligence, your insured also violated certain provisions of the Texas Transportation Code and Texas Driver's Handbook published by the Texas Department of Public Safety constituting negligence per se.

4.04    The above acts, omissions, and mental attitude were singularly and/or severally a proximate cause of the injuries and damages sustained by your Plaintiff.

## 5.00   <u>DAMAGES</u>

5.01    As a producing and proximate result of the Defendants' tortious acts, the Plaintiff sustained severe and disabling injuries to his body generally, including his cervical spine, lumbar spine and body generally resulting in a number of medical symptoms and/or adverse reactions reducing the quality of his life.  Due to the nature and severity of his injuries, Plaintiff has been required to seek medical treatment.  Plaintiff has been required to pay and incur liability to pay the charges which have been made for such medical services.  In the future, it is reasonably probable that Plaintiff will probably require additional medical care, treatment and procedures and will be required to pay and incur liability to pay the charges which will be made for such services.  The charges which have been made and which will be made for such services rendered to the Plaintiff have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered.  All of such services, both past

and future, have been and will be necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of the occurrence made the basis of this suit.

5.02    All of the above damages suffered by the Plaintiff is the proximate or producing results of the acts and/or omissions of the Defendant complained of in this Petition and are in excess of the jurisdictional limits of this Court.

5.03    Your Plaintiff has sustained compensatory damages as a producing and/or proximate cause in at least the following particulars, which are expected and in all reasonable probability will continue into the future:

> 5.031   Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;
>
> 5.032   Physical pain and suffering;
>
> 5.033   Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injures have had on her life, and that they will probably have on the remainder of her life, including the anxiety of diminished life enjoyment and freedom of movement, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will probably be necessary to properly treat the Plaintiff; and
>
> 5.034   Physical impairment.
>
> 5.035   Lost wages; and
>
> 5.036   Loss of earning capacity.

5.04    Defendants' conduct gives rise to exemplary damages in an amount allowable by the applicable laws and statutes.

5.05    If your Plaintiff was suffering from any pre-existing disease or condition which could be said to have contributed to the injuries and damages herein alleged, they were not disabling until aggravated, excited and otherwise caused a flare-up as a natural consequence of the incident made the basis of this litigation.

## 6.00    RIGHT TO AMEND

6.01    Plaintiff hereby expressly reserves the right to amend his pleadings to conform to the evidence.

## 7.00    PRAYER

7.01    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer herein and that on a final trial hereof, Plaintiff have judgment against the Defendants for an amount in excess of the minimum jurisdictional limits of this Court as compensation for your Plaintiff's damages, to be determined by the trier of fact, including:

7.011   Actual damages as pleaded;

7.012   Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;

7.013   Physical pain and suffering, past and future;

7.014   Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injures have had on the Plaintiff's life, and that he will probably have on the remainder of the Plaintiff's life, including the loss of enjoyment of life, the anxiety of diminished life enjoyment and freedom of movement, the personal inconvenience, humiliation and embarrassment, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will in all reasonable probability be necessary to properly treat the Plaintiff in the future;

7.015   Physical impairment, past and future;

7.016   Lost wages an/or  loss of earning capacity;

7.017   Pre-judgment and post-judgment interest in the highest amounts allowed by law;

7.018   Exemplary damages;

7.019   Costs of Court; and

7.020   Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

**8.00    REQUEST FOR JURY TRIAL**

8.01    It is requested, pursuant to Rule 216 of the Texas Rules of Civil Procedure, that this matter be tried before a jury.  An appropriate jury fee has been submitted.

**9.00    REQUEST FOR DISCLOSURE AND USE OF DOCUMENTS**

9.01    Plaintiff hereby requests that Defendants timely and fully comply with Rule 194(a)-(l) and make all supplements as soon as reasonably practicable.  Further, Plaintiff hereby place Defendants on notice that any documents marked as exhibits to depositions and/or produced by Defendants herein will be used in pre-trial and/or trial proceedings.

**10.00   DESIGNATION OF LEAD COUNSEL**

10.01    Pursuant to Rule 8, of the Texas Rules of Civil Procedure, Gilbert T. Adams, III, of Gilbert Adams Law Offices, is designated as the attorney in charge for the Plaintiff in all matters relating to these claims.

Respectfully submitted,

GILBERT ADAMS LAW OFFICES
1855 Calder Avenue at Third
P.O. Drawer 3688
Beaumont, Texas 77704
Phone (409) 835-3000
Fax (409) 832-6162
Email Gilbert@gta-law.com

**_____**
**GILBERT T. ADAMS, III**
State Bar No. 00790201

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A-2

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/16/2021 9:43 AM
JAMIE SMITH
DISTRICT CLERK
A-207747

CAUSE NO. A-207747

| | | |
|---|---|---|
| JONATHAN GANDY | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| BRADY HERPIN TRUCKING, LLC AND | § | |
| CHARLES GUILLORY, JR. | § | 58TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND

Defendants Brady Herpin Trucking, LLC and Charles Guillory, Jr. ("Defendants") file their answer to Plaintiff Jonathan Gandy's ("Plaintiff") Original Petition (the "Petition").

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations and claims set forth in Plaintiff's Petition and demand strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### II. DEFENSES AND AFFIRMATIVE DEFENSES

Plaintiff's claims are barred in whole or in part by his own contributory and/or comparative negligence, which was a proximate and/or producing cause of his injuries, if any, and his damages should be eliminated or reduced accordingly.

Defendants would show that Plaintiff's claimed injuries are the result of either prior injuries, subsequent injuries or pre-existing medical conditions. Defendants would further show that such prior injuries, subsequent injuries or pre-existing conditions were a proximate cause of Plaintiff's claimed injuries.

Defendants would show that the conduct of a person or persons over whom Defendants had no control and no right of control was the proximate and/or sole proximate and/or

producing and/or sole and/or new and independent cause of any injuries and, consequently, any damages to Plaintiff.

Defendants would show that this accident was the result of a sudden emergency and/or an unavoidable accident, as those terms are understood in law.

To the extent that Plaintiff has failed to mitigate his damages, Defendants assert failure to mitigate as an affirmative defense.

To the extent Plaintiff is entitled to any damages, recovery of any medical expenses is limited by Civil Practices and Remedies Code Section 41.0105.

### III.    JURY DEMAND

Defendants request a trial by jury of this case and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

### IV.    RIGHT TO AMEND

Defendants reserve the right to amend this Answer.

### V.    PRAYER

Defendants request that this Court, after trial or final hearing of this case, enter judgment in Defendants' favor, that Plaintiff take nothing by reason of this suit, and that the Court award Defendants their costs of court and expenses and all other relief to which they are entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By:     */s/ Russell Lewis*
        Russell Lewis
        State Bar No. 24036968
        Benjamin Gonsoulin
        State Bar No. 24099682
        Brenton H. Cooper
        State Bar No. 24109751
        910 Louisiana Street
        Houston, Texas  77002
        Telephone: (713) 229-1767
        Facsimile: (713) 229-2867
        russell.lewis@bakerbotts.com
        ben.gonsoulin@bakerbotts.com
        brent.cooper@bakerbotts.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by means of the court's electronic filing system on the 16th day of August, 2021.

        */s/ Benjamin Gonsoulin*
        Benjamin Gonsoulin

EXHIBIT A-3

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/19/2021 11:02 AM
JAMIE SMITH
DISTRICT CLERK
A-207747

A-0207747

| | |
|---|---|
| JONATHAN GANDY | IN THE DISTRICT COURT OF |
| VS | JEFFERSON COUNTY, TEXAS |
| BRADY HERPIN TRUCKING LLC ET AL | 58TH DISTRICT COURT |

DISCOVERY CONTROL PLAN ORDER

The Court acting sua sponte, pursuant to Rule 190.4, TRCP, finds that this action requires a Discovery Control Plan by order; it is, accordingly,

ORDERED that the following schedule of deadlines is in effect pending further order of this court, and the following matters shall be accomplished on or before the following dates:

DATES

1.  NEW PARTIES joined and served; a party causing such
    joinder shall provide copies of this order to the
    new party or parties                                    NOVEMBER  1, 2021

2.  All PAPER DISCOVERY propounded
    by any party                                            DECEMBER  1, 2021

3.  Designation of EXPERTS by name,
    address, and current CV ,  and full report
    for all PLAINTIFFS                                       FEBRUARY  1, 2022

4.  Designation of EXPERTS by name, address,
    and current CV, and full reports for parties other than
    PLAINTIFFS                                              MARCH  1, 2022

5.  ALL DISCOVERY conducted by
    (The parties may extend by Rule 11 Agreement)           JUNE  1, 2022

6.  All DISPOSITIVE MOTIONS and Robinson/Havner motions filed   JUNE  1, 2022

7.  Case to be MEDIATED on or before                        JUNE 15, 2022

8.  PRE-TRIAL conference. All
    objections relating to DISCOVERY brought
    forward for hearing; any such objections not
    brought forward for hearing by this date will be
    found abandoned and will be overruled                   JULY 21, 2022
                                                            AT 2:00 P.M.

9.  TRIAL for the month of                                  AUGUST, 2022

**Mediation shall be at a time and place, and before a mediator, as agreed by the parties; if the parties do not agree, the parties shall notify the Court at least 30 days prior to the deadline. Whether or not the time, place, and mediator are agreed, all parties must attend individually; corporations must have present an individual with full authority; all insurers must attend through a person with full authority; and all shall mediate in good faith.

Robinson/Havner motions must be brought forward for hearing before or at the pre-trial hearing, failing which the Robinson Havner motions will be considered as abandoned or waived, and as such will be overruled. Whether at the pre-trial hearing or otherwise, the motion must be specifically set for hearing with notice to all parties and to the court, and the court co-coordinator must be advised of the amount of time requested for such hearing. In the absence of a specific request for a longer time, the court will allocate 15 minutes (total, for all parties) for the hearing on all such motions pending herein.

The discovery limitations of Rule 190.3, TRCP, shall apply, in satisfaction of the requirement in Rule 190.4(b)(3).

       The deadlines herein shall remain in effect even though the case is not tried as scheduled above. THERE WILL BE NO CONTINUANCES GRANTED.

       SIGNED:  August 19, 2021.


_____
KENT WALSTON, JUDGE
58TH DISTRICT COURT